PEOPLE ex rel. PADDOCK v. CARROLL et al.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

LIBEL—INDICTMENT—PROOF.

Code Cr. Proc. § 289, provides that an indictment for libel need not set forth extrinsic facts for the purpose of showing the application to the party libeled, but the fact that it was published concerning him must be established on trial. *Held*, that a conviction for libel, not supported by evidence that the libelous matter concerned the party alleged to have been libeled or that it had any relation to its business, should be set aside.

Appeal from special term, New York county.

Application by the people of the state of New York, on the relation of Obed Paddock, for writs of habeas corpus and certiorari against Edward R. Carroll, clerk, and another. From an order dismissing the writs, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Benjamin Patterson, for appellant.
Charles E. Le Barbier, for respondents.

BARRETT, J. The relator was committed by a city magistrate upon a charge of libel. The affidavit upon which he was held states that he "did maliciously publish of and concerning the Sun Printing & Publishing Association the following defamatory language, to wit: 'The Sun is against good wages,' and 'The Sun now practices what it long has preached, that workingmen have no rights that capital is bound to respect.'" The affidavit shows the manner in which these defamatory words were published, but fails to connect the corporation therewith. The charge itself was sufficient. Code Cr. Proc. § 289. But there was no evidence to support it in the particular referred to. This section (289) of the Code of Criminal Procedure dispenses with an averment upon that head, but not with proof. On the contrary, after providing that an indictment for libel need not set forth any extrinsic facts for the purpose of showing the application of the defamatory matter to the party libeled, and that it is sufficient to state generally that the same was published concerning him, it adds: "And the fact that it was so published [that is, concerning him] must be established on the trial." Conforming the preliminary inquiry before a magistrate to this provision, the charge was doubtless sufficient. There should, however, have been some evidence tending to support it. Otherwise the magistrate was without jurisdiction to hold the relator. The libel complained of was a malicious publication, by writing or printing, which had a tendency to injure the corporation named in its business. But its business was not stated, nor was it shown that it published the "Sun" specified in the libel, nor that the "Sun" so specified was a newspaper. There was in fact no proof in support of the charge that the defamatory words were published concerning the corporation, nor that they had any relation to its business.

The other points presented by the appellant are without merit, but, because of the lack of proof in the particular mentioned, the order should be reversed, and the relator discharged. All concur.